IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GS HOLISTIC, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:23-cv-01752-L** |
| | § | |
| **SMOKE LEMMON, LLC d/b/a** | § | |
| **UPTOWN SMOKE SHOP and** | § | |
| **MUSTAFA ALARAJ,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Default Final Judgment Against Both Defendants ("Motion") (Doc. 15), filed September 3, 2024. After careful consideration of the Motion, pleadings, record, evidence, and applicable law, the court **denies without prejudice** the Motion.

### I.     Background

GS Holistics ("Plaintiff") brought this action against Smoke Lemmon, LLC d/b/a Uptown Smoke Shop and Mustafa Alaraj ("Defendants") for alleged (1) trademark counterfeiting and infringement; and (2) false designation of origin and unfair competition under the Lanham Act with respect to Plaintiff's Stündenglass branded products, such as glass infusers and accessories. After default was entered against Defendants, Plaintiff moved for entry of a default judgment. Plaintiff seeks statutory damages in the amount of $150,000 ($50,000 per mark) and costs under the statute totaling $402. Plaintiff also requests a permanent injunction against Defendants and an order requiring Defendants to turn over all infringing materials for destruction.

## II. Default Judgment Standard

A default judgment is considered a drastic remedy that is not favored by the Federal Rules of Civil Procedure and resorted to only in extreme situations. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). A party is not entitled to a default judgment as a matter of right, even when the defendant is technically in default. *Id.* Because it is preferable to determine an action on the merits, courts resolve any doubt as to whether default should be entered in favor of hearing the case on the merits. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Once a defendant is in default, the court accepts as true all the well-pleaded facts set forth in the complaint aside from those relating to damages. *See Frame v. S-H, Inc.,* 967 F.2d 194, 205 (5th Cir. 1992) ("Unlike questions of actual damage, which must be proved in a default situation, conduct on which liability is based may be taken as true as a consequence of the default.") (citations omitted). A default judgment conclusively establishes a defendant's liability on the merits. *Leedo Cabinetry v. James Sales & Distrib.*, 157 F.3d 410, 414 (5th Cir. 1998) (citation omitted).

In failing to answer or otherwise respond to a plaintiff's complaint, a defendant admits the well-pleaded allegations of the complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). On the other hand, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). A default judgment may not be entered against an

infant or incompetent person unless represented in the action by a general guardian, conservator, or other like fiduciary who has appeared. Fed. R. Civ. P. 55(b)(2). Likewise, a default judgment may not be entered against an individual in military service until an attorney is appointed to represent the defendant. 50 U.S.C. § 3931.

### III. Discussion

#### A. Plaintiff has not satisfied all procedural prerequisites for a default judgment.

##### 1. Entry of Default

Summonses were returned executed as to Defendants, and the returns of service reflect that Defendants were served in accordance with Federal Rule of Civil Procedure 4. Doc. 12. Thereafter, they did not file an answer or otherwise respond to Plaintiff's Complaint. At Plaintiff's request, the clerk of court, therefore, entered a default against Defendants on February 21, 2024. Doc. 14. Accordingly, the prerequisite that entry of default be entered has been satisfied.

##### 2. Fitness of Defendants as Defaulting Parties

In support of Plaintiff's request for a default judgment against Defendants, Plaintiff's attorney submitted an affidavit in which he states: "A search of the Service members Civil Relief Act database or Department of Defense Manpower Data Center database has been completed and the undersigned has learned that the Defendant is not a service member." Doc. 15-1. He further states, "[a]s such, on information and belief, Defendant is not an infant, incompetent natural persons, or a person in military service or otherwise exempted from default judgment under the Solders' and Sailors' Civil Relief Act of 1940." *Id.*

As noted, Plaintiff must establish, and the court must confirm that Defendants are not infants, incompetent persons, or persons in military service exempted from default judgment.

Fed. R. Civ. P. 55(b)(2); 50 U.S.C. § 3931. These requirements do not apply to Defendant Smoke Lemmon, LLC d/b/a Uptown Smoke Shop because it is a limited liability company and, thus, cannot be a minor, an incompetent person, or a current member of the military service. *See Barrett v. Tri-Coast Pharmacy, Inc.*, 518 F. Supp. 3d 810, 822 (D.N.J. 2021).

These requirements do apply, however, to individual Defendant Alaraj, who is a natural person. Section 3931(b)(1) of the Servicemembers Civil Relief Act ("SCRA") requires a plaintiff seeking entry of a default judgment to file an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit" or filing an affidavit "stating that the plaintiff is unable to determine whether or not the defendant is in military service." The SCRA's affidavit requirement "may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury." 50 U.S.C. § 3931(b)(4). "[B]ecause the SCRA requires that 'facts must be set forth,' 'an affidavit made upon information and belief is insufficient' to satisfy the statute's affidavit requirement." *Securities & Exch. Comm'n v. Baker*, No. 3:22-CV-1415-S-BH, 2023 WL 7390881, at *2 (N.D. Tex. Oct. 5, 2023), *report and recommendation adopted sub nom. Securities & Exch. Comm'n v. Bowen*, No. 3:22-CV-1415-S, 2023 WL 7389018 (N.D. Tex. Nov. 7, 2023) (citing *Bank of Am. v. Philpott*, No. 4:17-CV-00592-ALM-CAN, 2019 WL 13210620, at *1 (E.D. Tex. Mar. 12, 2019) (quoting *United States v. Simmons*, 508 F. Supp. 552, 552 n.1 (E.D. Tenn. 1980)).

Here, the affidavit of Plaintiff's attorney is made under penalty of perjury. Although based on "information and belief" and not accompanied by a certificate verifying Defendant Alaraj's military status, the court, after extensive research, was able to find a few cases in which district courts concluded that the proffered affidavits complied with the SCRA because the

conclusion that the defendant was not a person in military service was based on a search of the SCRA database or the Department of Defense Manpower Data Center database. *See In re Templehoff*, 339 B.R. 49, 53-54 (S.D.N.Y. 2005); *Wiand v. Adamek*, No. 8:21-CV-360-JLB-CPT, 2024 WL 477661, at *4 (M.D. Fla. Jan. 19, 2024), *report and recommendation adopted*, No. 8:21-CV-360-JLB-CPT, 2024 WL 553481 (M.D. Fla. Feb. 12, 2024); *Mason Dixon Lines, Inc. v. Shamrock Mgmt. Grp.*, LLC, No. 1:13-CV-403-CLC-WBC, 2015 WL 13186242, at *4 (E.D. Tenn. Jan. 12, 2015), *report and recommendation adopted*, No. 1:13-CV-403, 2015 WL 13186243 (E.D. Tenn. Jan. 30, 2015). The attorney affidavit does not indicate that any statements are based on the affiant's personal knowledge, but it is evident from the affidavit that the attorney conducted the search and, thus, has personal knowledge of the investigative efforts made in conducting the search and the results of the search. Accordingly, the court determines that Plaintiff has satisfied the SCRA affidavit requirement.

On the other hand, because the attorney's affidavit is not based on personal information, and the factual basis for the attorney's statement and "information and belief" that Defendant Alaraj is not an infant or incompetent natural person is not clear, the court determines that this evidence by Plaintiff is insufficient to show that Defendant Alaraj is not an infant or incompetent person for purposes of Rule 55(b). While it may seem that the court is "knit-picking" the sufficiency of Plaintiff's evidence, as noted, the decision to grant a default judgment is one that should not be undertaken lightly given the drastic nature of the remedy. *See Lewis*, 236 F.3d at 767. Additionally, there are no allegations in Plaintiff's Complaint regarding Defendant Alaraj**'s** status as an infant or incompetent person. Accordingly, all procedural requirements for entry of a default judgment have not been satisfied.

### B. Plaintiff's pleadings are insufficient to establish its Lanham Act claims.

To prevail on a federal trademark infringement claim, a plaintiff must prove that "(1) [it] possess[es] a legally protectable trademark, and (2) [Defendant's] use of this trademark 'creates a likelihood of confusion as to source, affiliation, or sponsorship.'" *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 450 (5th Cir. 2017) (citations omitted). "A likelihood of confusion means that confusion is not just possible, but probable." *National Bus. Forms & Printing, Inc. v. Ford Motor Co.*, 671 F.3d 526, 532 (5th Cir. 2012). In this regard, "[c]ontext is especially critical" and requires consideration of "the marks in the context that a customer perceives them in the marketplace." *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 485 (5th Cir. 2004). "Prominent and pervasive use of a mark will suggest affiliation, but mere reference to a marked product will not." *Id.*

In determining whether a likelihood of confusion exists, courts consider the following factors or "digits of confusion": "(1) the type of trademark allegedly infringed, (2) the similarity between the two marks, (3) the similarity of the products or services, (4) the identity of the retail outlets and purchasers, (5) the identity of the advertising media used, (6) the defendant's intent, . . . (7) any evidence of actual confusion," and "(8) the degree of care exercised by potential purchasers." *Scott Fetzer Co.*, 381 F.3d at 532 (citation omitted). The "digits" are not exhaustive, and none are dispositive. *Id.* All "digits of confusion" must be evaluated, however, unless a defendant used the plaintiff's exact mark, as opposed to one that it was similar. *Paulsson Geophysical Servs. v. Sigmar*, 529 F.3d 303, 310-11 (5th Cir. 2008).

Unfair competition and false designation claims under 15 U.S.C. § 1125(a) are governed by the same standard as those for trademark infringement under federal law, which is the likelihood of confusion among consumers. *Scott Fetzer Co.*, 381 F.3d at 483. To establish a

claim for federal trademark counterfeiting, a plaintiff must plead or allege sufficient facts that the defendant "committed a trademark infringement in violation of 15 U.S.C. § 1114(1)(a), and (2) intentionally used the trademark knowing it was a counterfeit, as the term is defined in 15 U.S.C. § 1116." *Springboards to Educ., Inc. v. Kipp Found.*, 325 F. Supp. 3d 704, 713 (N.D. Tex. 2018) (citation omitted). Section 1116(d) defines "counterfeit mark" as:

> (i) a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered; or
>
> (ii) a spurious designation that is identical with, or substantially indistinguishable from, a designation as to which the remedies of this chapter are made available by reason of section 220506 of Title 36;
>
> but such term does not include any mark or designation used on or in connection with goods or services of which the manufacture or producer was, at the time of the manufacture or production in question authorized to use the mark or designation for the type of goods or services so manufactured or produced, by the holder of the right to use such mark or designation.

15 U.S.C. § 1116(d)(1)(B) (footnote omitted).

Even accepting as true the allegations in Plaintiff's Complaint, the court does not have sufficient information from which to determine whether a likelihood of confusion exists based on consideration of the aforementioned "digits of confusion." Plaintiff's Complaint identifies the type of trademark allegedly infringed, but little or no information regarding the remaining factors is included in its pleadings. Regarding the similarity factors, Plaintiff alleges that the products sold by Defendants include "spurious designations that are *identical with, or substantially indistinguishable* from, the G Pen Trademarks on the same goods covered by the G Pen Trademarks." Pl.'s Compl. ¶¶ 53, 62 (emphasis added). This allegation, however, is conclusory in that it simply tracts the language of the statute.

Memorandum Opinion and Order – Page 7

Plaintiff also alleges that Defendants are "unlawfully selling vaporizers that have *identical, or nearly identical*, versions of the G Pen Marks affixed to products that are made with inferior materials and technology." *Id.* ¶ 21 (emphasis added). Once again, this allegation is conclusory, and it is not supported by any facts or photographs of Plaintiff's products and the allegedly infringing counterfeit products that the court can visually compare. In its Motion, Plaintiff lists and acknowledges that the court must consider the "digits of confusion," but it only makes a passing reference to the similarity of the two products without any discussion of the remaining "digits of confusion." Pl.'s Mot. 13 ("Defendants used *images and names identical to or confusingly similar* to the G Pen Marks, to confuse customers and aid in the promotion and sales of Counterfeit Goods under the Infringing Marks.") (emphasis added). Therefore, Plaintiff is not entitled to a default judgment on its Lanham Act claims.

### C. Plaintiff has not established its entitlement to injunctive relief and destruction of allegedly infringing products.

Upon finding a violation of section 1125, the court may order that all infringing materials bearing a registered mark or infringing designation be "delivered up and destroyed." 15 U.S.C. § 1118. Section 1116 provides federal courts with authority to grant injunctive relief "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 1125 of this title." 15 U.S.C. § 1116(a). Section 1116(a) further provides that:

> A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction or upon a finding of likelihood of success on the merits for a violation identified in this subsection in the case of a motion for a preliminary injunction or temporary restraining order.

*Id.* The court has determined that Plaintiff has not established a violation of the Lanham Act with respect to its registered marks. Accordingly, Plaintiff is not entitled to a permanent injunction or a destruction-of-materials order at this time.

## IV. Conclusion

For the reasons explained, Plaintiff has not established all requirements for its Lanham Act claims and all prerequisites for entry of a default judgment against Defendants. Accordingly, the court **denies without prejudice** its Motion (Doc. 15), and **orders** Plaintiff to file an Amended Complaint **by 5:00 p.m., May 8, 2025,** to correct the deficiencies set forth by the court. If Plaintiff does not correct these deficiencies by this date, the court will dismiss this action with prejudice for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff then must serve Defendants with the Amended Complaint within 30 days after the filing of its Amended Complaint. Failure to serve Defendants by this date will result in dismissal without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

*If Defendants fail to appear, again Plaintiff may move for entry of default and file an Amended Motion for Default Judgment that cures all of the deficiencies identified in this memorandum opinion and order and complies with all applicable Local Civil Rules.*

In particular, any appendix filed in support of an amended motion for default judgment must comply with the Northern District of Texas's Local Civil Rules, which require each appendix page to be numbered sequentially in the bottom right corner and citations within a motion or brief to the appropriate appendix page or pages. *See* L.R. 7.1(i)(4), 7.2(e). Compliance with Local Rules facilitates the expeditious resolution of pending motions, and a party's failure to follow these rules interferes with and hinders the court's ability to effectively manage its docket. It is not incumbent on the court to use already scarce judicial resources to wade through

noncompliant materials filed by a party. Moreover, "[b]y appearing in any case, an attorney becomes subject to the rules of this court." L.R. 83.9.

Failure to comply with these directives will result in the dismissal without prejudice of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute or comply with a court order. As Plaintiff has filed several similar lawsuits seeking default judgment, the court admonishes Plaintiff and counsel to follow this District's Local Civil Rules and cite to relevant authority when filing such motions.

**It is so ordered** this 24th day of April, 2025.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge