**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GS HOLISTIC, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:23-CV-1752-L** |
| | § | |
| **SMOKE LEMMON, LLC d/b/a UPTOWN SMOKE SHOP and MUSTAFA ALARAJ,** | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER OF DISMISSAL**

Before the court is GS Holistic, LLC's Motion for Extension of Time ("Motion") (Doc. 27), filed August 24, 2026. By its Motion, Plaintiff GS Holistic, LLC ("Plaintiff") seeks an extension of time to comply with the court's prior directive to file an amended complaint and serve the amended complaint on Defendants by August 24, 2026, at 5:00 p.m. Having considered the Motion, record, and applicable law, the court **denies** the Motion and, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, **dismisses without prejudice** this civil action.

## I. Background

The relevant background and procedural history are the subject of two prior judicial opinions. *GS Holistic, LLC v. Smoke Lemmon, LLC*, 2025 WL 1211271 (N.D. Tex. Apr. 24, 2025) ("*GS Holistic I*"); *GS Holistic, LLC v. Smoke Lemmon, LLC*, 2026 WL 2138620 (N.D. Tex. July 24, 2026) ("*GS Holistic II*"). On August 6, 2023, Plaintiff filed this civil action alleging trademark counterfeiting and infringement, as well as false designation of origin and unfair competition under the Lanham Act, with respect to Plaintiff's Stündenglass branded products, such as glass infusers

and accessories. *See generally* Compl. (Doc. 1). After the clerk of court entered default, Plaintiff moved for entry of default judgment.

In *GS Holistic I*, the court denied Plaintiff's motion for default judgment because, *inter alia*, it had failed to effect service on Defendants and failed to allege sufficient facts to establish its Lanham Act claims. *GS Holistic I*, 2025 WL 1211271, at *2-5. The court ordered Plaintiff to file an Amended Complaint by May 8, 2025, to correct the deficiencies set forth by the court and "to serve Defendants with the Amended Complaint within 30 days after the filing of its Amended Complaint." *Id.* at *5. The court stated that "[f]ailure to serve Defendants by this date will result in dismissal without prejudice pursuant to Federal Rule of Civil Procedure 4(m)." *Id.* It also cautioned Plaintiff that "[f]ailure to comply with these directives will result in the dismissal without prejudice of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute or comply with a court order." *Id.*

Plaintiff filed an Amended Complaint (Doc. 17) and, once again, sought entry of default judgment after the clerk entered a default. In *GS Holistic II*, the court denied Plaintiff's motion. *GS Holistic II,* 2026 WL 2138620, at *6. The court determined that Defendants "were not properly served with Plaintiff's Amended Complaint" and that the amended pleadings were insufficient to establish a Lanham Act claim. *Id.* at *3-5. The court ordered that

> by August 24, 2026, Plaintiff shall file the required proof that service on Defendants Smoke Lemmon #1 and Mustafa Alaraj [has] been properly effectuated. Failure to serve Defendants by **August 24, 2026**, may result in dismissal without prejudice of this action pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely effect service on Defendants, absent good cause shown; or in light of the history of this case, the court may dismiss with prejudice in light of Plaintiff's inability or refusal to comply with a court order.

*Id.* at *3 (original emphasis). In addition, the court ordered

> Plaintiff to serve Defendants with an Amended Complaint and summons **by 5:00 p.m., August 24, 2026**, to correct the deficiencies set forth by the court. If Plaintiff

> does not correct these deficiencies by this date, the court will dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute or comply with a court order.

*Id.* at *6 (original emphasis).

At 2:23 p.m. on August 24, 2026, a mere few hours before the expiration of the deadline set forth in *GS Holistic II* to amend the pleadings and serve Defendants, Plaintiff filed its Motion seeking an extension of time "through and including October 15, 2026," to file and serve an amended complaint. Mot. 1.

## II. Legal Standard

Regarding the time limit for service, Rule 4(m) provides:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In this circuit, under Rule 4(m), if the plaintiff shows good cause for the failure to timely serve the defendant, the court must extend the time for service. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (explaining that second sentence of Rule 4(m) "qualifies the district court's choices, making an extension of time mandatory when the plaintiff shows good cause."). If the plaintiff does not show good cause, however, then "the court has two choices: '[i]t may dismiss the action without prejudice . . . or direct that service be effected within a specified time.'" *Kumar v. Kerry*, 2014 WL 4798439, at *2 (N.D. Tex. Sept. 26, 2014) (Boyle, J.) (ellipsis in original) (quoting *Thompson*, 91 F.3d at 21).

"To establish good cause, a plaintiff has the burden of demonstrating 'at least as much as would be required to show excusable neglect [and] [s]imple inadvertence or mistake of counsel or

ignorance of the rules usually does not suffice.'" *Newby v. Enron Corp.*, 284 F. App's 146, 149 (5th Cir. 2008) (per curiam) (emphasis and brackets omitted) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1996)). In addition to good cause, "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Id.* (internal quotation marks, emphasis, and citations omitted).

**III. Discussion**

Under Rule 4(m), the time for Plaintiff to have effected service of process has long since passed. As the procedural history amply demonstrates, the court has been more than accommodating and provided extensive opportunities for Plaintiff to both amend the pleadings to correct deficiencies and effect service on Defendants. *See GS Holistic I*, *supra*; *GS Holistic II*, *supra*.

Here, the record does not demonstrate good cause for Plaintiff's failure to timely effect service. Most recently, in *GS Holistic II*, the court ordered Plaintiff to amend the pleadings and effect service by August 24, 2026, by 5:00 p.m. *GS Holistic II,* 2026 WL 2138620, at *6. Plaintiff did not do so, and it offers no explanation about what it was doing to effect service or advance this case during that time. Instead, Plaintiff filed its Motion seeking an extension of time and asserting that, since the time the court issued *GS Holistic II*, it

> has diligently attempted to amend its complaint and effect service upon the Defendants. However, despite its attempts, Plaintiff has been unable to complete all the requirements by the condensed deadline. Good cause exists for an extension of time. This request is made in good faith and not for the purposes of delay.

Mot. 1. These conclusory statements do not demonstrate good cause, and Plaintiff provides no other basis for the court to find good cause for their failure to effect service under Fifth Circuit precedent or any other applicable authority. Simply put, Plaintiff does not set forth any specific

steps it has taken that would allow the court to infer, even under the most liberal standards, that it has acted diligently. This case is over three years old, and despite the court's instructions, Plaintiff has been unable to properly file an amended complaint and effect service on Defendants. Moreover, that Plaintiff waited until two and one-half hours prior to the court's deadline to file its Motion is simply inconsistent with diligence.

As good cause does not exist, the court has evaluated the propriety of a discretionary extension and, on this record, determines that none should be granted. As set forth in detail above, the court has provided numerous discretionary extensions and opportunities for Plaintiff to effect service (and amend its pleadings). *See GS Holistic I*, *supra*; *GS Holistic II*, *supra*. In addition, the court has been clear regarding the consequences of any failure to comply. *See id.* The court does not believe that Plaintiff's lack of diligence should be rewarded with yet another extension.

## IV. Conclusion

Plaintiff has made insufficient efforts to ensure timely service was completed, failed to demonstrate good cause for the service failure, and failed to provide any grounds that would justify yet another discretionary extension. Accordingly, the court **denies** the Plaintiff's Motion for Extension of Time (Doc. 27) and, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, **dismisses without prejudice** this civil action.

**It is so ordered** this 27th day of August, 2026.

Sam A. Lindsay
United States District Judge